Matthew J. Sekits, WSBA #26175
E-mail: matthew.sekits@bullivant.com
BULLIVANT HOUSER BAILEY PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

Attorneys for Defendant Factory Mutual Insurance Company

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

| | |
|---|---|
| WASHINGTON STATE UNIVERSITY,<br><br>          Plaintiff,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island corporation,<br><br>          Defendant. | No.: _____<br><br>NOTICE OF REMOVAL OF DEFENDANT FACTORY MUTUAL INSURANCE COMPANY |

TO:             Clerk of the Court

AND TO:    Washington State University, Plaintiff

AND TO:    Seth H. Row and K. Michael Fandel, Attorneys for Plaintiff

      Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Factory Mutual Insurance Company (FM) removes to this Court the state court action described below. In support of this Notice, FM states as follows:

      1.    On July 2, 2021, Plaintiff filed a Complaint against FM in Whitman County Superior Court (*Washington State University v. Factory Mutual Insurance Company*, Case No. 21-2-00095-38 (State Court Action)).

2. FM was served through the Washington Office of the Insurance Commissioner, on July 14, 2021.

3. Under 28 U.S.C. §1446(b), FM timely files this Notice of Removal.

**A.    Jurisdiction**

4. The State Court Action can be removed to this Court under 28 U.S.C. §1441(b), because this Court has original jurisdiction under 28 U.S.C. §1332(a).

5. The matter in controversy meets the monetary jurisdictional threshold. Plaintiff brings contractual and extra-contractual claims against FM.[1]  In support of these claims, Plaintiff alleges it is entitled to coverage under an insurance policy Plaintiff purchased from FM for financial losses Plaintiff purportedly suffered because of COVID-19, and that this amount is "not less than $63,068,573."[2]

6. FM adamantly denies that it is liable for these claims or that they even apply in this case.  That said, Plaintiff, through its Complaint, places in controversy more than $75,000, exclusive of costs and interest.[3]

7. In addition, complete diversity exists between the parties.[4]

8. FM is a Rhode Island corporation with its principal place of business in Johnson, Rhode Island.  That is, FM's citizenship is in Rhode Island.

---

[1] Complaint at ¶¶ 116, 125.

[2] Complaint at ¶ 116.

[3] *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209, at *1 (W.D. Wash. June 11, 2014) (indicating that Complaint may be relied on for amount in controversy) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)); *see also Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001) ("We agree that a fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy."); *Brown v. Paducah & Louisville Ry., Inc.*, 2013 WL 5273773, at *3 (W.D. Ky. Sept. 17, 2013) ("[T]he amount in controversy may be established by drawing reasonable inferences based on the nature and extent of the damages requested in the complaint.").

[4] *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A]t this stage of the case, the defendants were merely required to allege (not to prove) diversity . . . .").

9. Plaintiff is a state university that is considered a political subdivision of the state. Accordingly, it is a citizen of that state for diversity purposes.[5]

10. Because Plaintiff is not a citizen of Rhode Island, complete diversity exists with respect to FM.

**B.   Venue**

11. Venue is proper in the United States District Court for the Eastern District of Washington because it is the district embracing the place where the State Court Action is pending.[6]

**C.   Intradistrict Assignment**

12. Assignment is proper in the Spokane Division because that is the division embracing the State Court Action in Whitman County.[7]

**D.   Procedural Removal**

13. In accordance with 18 U.S.C. § 1446(a), a true, correct, and complete copies of the process, pleadings, and orders, if applicable, as well as all additional records and proceedings in the State Court Action are attached to this Notice of Removal.

14. In accordance with 28 U.S.C. § 1446(d), FM will submit a Notice to

---

[5] *Moor v. County of Alameda,* 411 U.S. 693, 717, 93 S. Ct. 1785, 1799, 36 L. Ed. 2d 596 (1973) ("[T]his Court has recognized that a political subdivision of a State... is a citizen of the State for diversity purposes"); *Postal Telegraph Cable Company v. Alabama,* 155 U.S. 482, 487, 15 S. Ct. 192, 194, 39 l. Ed. 231 (1894); *University of Rhode Island v. A.W. Chesterton Co.,* 721 F. Supp. 400, 402 (D.R.I. 1989) (holding the University of Rhode Island is a citizen of the State of Rhode Island for the purposes of diversity jurisdiction).

[6] *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant... to the district court of the United States for the district and division embracing the place where such action is pending."); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666, 73 S. Ct. 900, 97 L. Ed. 1331 (1953).

[7] *See* 28 U.S.C. § 1441(a); *Garcia v. Courtesy Ford, Inc.*, 2006 WL 2439815, at *1 (W.D. Wash. Aug. 22, 2006) (concluding that because the Seattle Division "'embraces'" King County, venue is proper before the Seattle Division under 28 U.S.C. 1441(a)).

Plaintiff and the State Court Clerk of the removal to the U.S. District Court, in Whitman County Superior Court, attached to which will be a copy of this Notice.

15. By filing this Notice, FM does not waive and it expressly reserves all rights, defenses, or objections of any nature that it may have against Plaintiff's claims.

DATED: August 12, 2021

BULLIVANT HOUSER BAILEY PC

By /s/ Matthew J. Sekits
Matthew J. Sekits, WSBA #26175
E-mail: matthew.sekits@bullivant.com

Attorneys for Defendant Factory Mutual Insurance Company

# CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

Seth Row
Miller Nash Graham & Dunn LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland OR 97204
Email: seth.row@millernash.com

K. Michael Fandel
Miller Nash Graham & Dunn LLP
Pier 70
2801 Alaskan Way, Ste. 300
Seattle, WA 98121-1128
Email: Michael.fandel@millernash.com

Dated: August 12, 2021

*/s/ Sally Gannett*
Sally Gannett, Legal Assistant