Matthew J. Sekits, WSBA #26175
E-mail: matthew.sekits@bullivant.com
BULLIVANT HOUSER BAILEY PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

Attorneys for Defendant Factory Mutual Insurance Company, a Rhode Island Corporation

HONORABLE THOMAS O. RICE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| WASHINGTON STATE UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island corporation,<br><br>        Defendant. | No.: 2:21-cv-00243-TOR<br><br>DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT |

Defendant Factory Mutual Insurance Company ("FM") responds as follows to the allegations set forth in the Complaint filed by Plaintiff Washington State University.

1. FM admits Plaintiff is a public university with campuses and facilities in the state of Washington. Except as expressly admitted, FM denies the allegations in paragraph 1.

2. FM admits that it is a Rhode Island corporation headquartered in Rhode Island, and does business in Whitman County, Washington. Except as

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 1

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

1  expressly admitted, FM denies the allegations in paragraph 2.

2      3.    FM admits this Court has original jurisdiction under 28 U.S.C.
3  §1332(a).  Except as expressly admitted, FM denies the allegations in paragraph 3.

4      4.    FM admits that the proper venue for this case is in the U.S. District
5  Court for the Eastern District of Washington.  Except as expressly admitted, FM
6  denies the allegations in paragraph 4.

7      5.    FM admits Plaintiff is a member of the Pac-12 athletic conference
8  with campuses in Washington.  FM lacks knowledge or information sufficient to
9  form a belief as to the truth of the remaining allegations in paragraph 5 and
10 therefore denies them.

11     6.    FM lacks knowledge or information sufficient to form a belief as to
12 the truth of the allegations in paragraph 6 and therefore denies them.

13     7.    FM lacks knowledge or information sufficient to form a belief as to
14 the truth of the allegations in paragraph 7 and therefore denies them.

15     8.    FM admits Plaintiff purchased Non-Assessable Master Global
16 Insurance Policy No. 1043385 from FM (the "Policy"), and that the language of
17 the Policy speaks for itself.  Except as expressly admitted, FM denies the
18 allegations in paragraph 8.

19     9.    FM admits that Plaintiff paid premiums due under the Policy and that
20 the language of the Policy speaks for itself.  Except as expressly admitted, FM
21 denies the allegations in paragraph 9.

22     10.    FM admits that the Policy speaks for itself.  Except as expressly
23 admitted, FM denies the allegations in paragraph 10.

24     11.    FM admits that the Policy speaks for itself.  Except as expressly
25 admitted, FM denies the allegations in paragraph 11.

26

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 2

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

12. FM admits that the Policy speaks for itself. Except as expressly admitted, FM denies the allegations in paragraph 12.

13. FM admits that the Policy speaks for itself. Except as expressly admitted, FM denies the allegations in paragraph 13.

14. FM admits that the Policy speaks for itself. Except as expressly admitted, FM denies the allegations in paragraph 14.

15. FM admits that the Policy speaks for itself. Except as expressly admitted, FM denies the allegations in paragraph 15.

16. FM admits that the Policy speaks for itself. Except as expressly admitted, FM denies the allegations in paragraph 16.

17. FM admits that the Policy speaks for itself. Except as expressly admitted, FM denies the allegations in paragraph 17.

18. FM admits that the Policy speaks for itself. Except as expressly admitted, FM denies the allegations in paragraph 18.

19. FM admits that the Policy speaks for itself. Except as expressly admitted, FM denies the allegations in paragraph 19.

20. FM admits that the Policy speaks for itself. Except as expressly admitted, FM denies the allegations in paragraph 20.

21. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies them.

22. FM denies the allegations in paragraph 22.

23. FM denies the allegations in paragraph 23.

24. FM denies the allegations in paragraph 24.

25. FM denies the allegations in paragraph 25.

26. FM admits the virus SARS-CoV-2 causes the disease COVID-19. Except as expressly admitted, FM lacks knowledge or information sufficient to

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 3

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

form a belief as to the truth of the remaining allegations in paragraph 26 and therefore denies them.

27. FM admits the virus SARS-CoV-2 causes the disease COVID-19. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 and therefore denies them.

28. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

30. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

31. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32. FM admits that, on March 11, 2020, the WHO declared the outbreak of COVID-19 a "pandemic." FM lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 and therefore denies them.

33. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies them.

37. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39. FM denies the allegations in paragraph 39.

40. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies them.

41. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

42. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them.

46. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies them.

47. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 and therefore denies them.

49. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49—including subparts a) through e)—and therefore denies them.

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 5

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

50. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore denies them.

51. FM denies the allegations in paragraph 51.

52. FM denies the allegations in paragraph 52.

53. FM denies the allegations in paragraph 53.

54. FM denies the allegations in paragraph 54.

55. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56. FM denies the allegations in paragraph 56.

57. FM denies the allegations in paragraph 57.

58. FM denies the allegations in paragraph 58.

59. FM denies the allegations in paragraph 59.

60. FM denies the allegations in paragraph 60.

61. FM denies the allegations in paragraph 61.

62. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies them.

63. FM denies the allegations in paragraph 63.

64. FM denies the allegations in paragraph 64.

65. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies them.

66. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies them.

67. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

68. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies them.

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 6

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

69. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies them.

70. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies them.

71. FM admits Plaintiff submitted sufficient information to trigger Interruption by Communicable Disease coverage under the Policy. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 and therefore denies them.

72. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies them.

73. FM admits Governor Jay Inslee issued Proclamation 20-05 on February 29, 2020. FM further admits this Proclamation speaks for itself. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

74. FM admits King County proclaimed a state of emergency in King County, on March 1, 2020. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies them.

75. FM admits City of Seattle Mayor Jenny Durkan issued a "Mayoral Proclamation of Civil Emergency," on March 3, 2020. FM further admits this Proclamation speaks for itself. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies them.

76. FM admits Governor Inslee issued Proclamation 20-07 on March 11, 2020. FM further admits this Proclamation speaks for itself. Except as expressly

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 7

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

Case 2:21-cv-00243-TOR    ECF No. 3    filed 08/24/21    PageID.49    Page 8 of 15

admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 and therefore denies them.

77. FM admits Governor Inslee issued Proclamation 20-13 on March 16, 2020. FM further admits this Proclamation speaks for itself. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and therefore denies them.

78. FM admits Proclamation 20-13 speaks for itself. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78 and therefore denies them.

79. FM admits Governor Inslee issued Proclamation 20-25 on March 23, 2020. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 and therefore denies them.

80. FM admits Governor Inslee issued proclamation 20-25.1, on April 2, 2020. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies them.

81. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies them.

82. FM denies the allegations in paragraph 82.

83. FM denies the allegations in paragraph 83.

84. FM admits persons, including students, faculty, and staff, use Plaintiff's facilities. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84 and therefore denies them.

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 8

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

85. FM admits Plaintiff submitted sufficient information to trigger Interruption by Communicable Disease coverage under the Policy. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 and therefore denies them.

86. FM admits Plaintiff submitted sufficient information to trigger Interruption by Communicable Disease coverage under the Policy. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86 and therefore denies them.

87. FM admits Plaintiff submitted sufficient information to trigger Interruption by Communicable Disease coverage under the Policy. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 and therefore denies them.

88. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies them.

89. FM denies the allegations in paragraph 89.

90. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 and therefore denies them.

91. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies them.

92. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 and therefore denies them.

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 9

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

93. FM denies the allegations in paragraph 93.

94. FM denies the allegations in paragraph 94.

95. FM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 and therefore denies them.

96. FM denies the allegations in paragraph 96.

97. FM denies the allegations in paragraph 97.

98. FM denies the allegations in paragraph 98.

99. FM denies the allegations in paragraph 99.

100. FM denies the allegations in paragraph 100.

101. FM denies the allegations in paragraph 101.

102. FM denies the allegations in paragraph 102.

103. FM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103 and therefore denies them.

104. FM denies the allegations in paragraph 104.

105. FM denies the allegations in paragraph 105.

106. FM admits it paid Plaintiff the sub-limit for Interruption by Communicable Disease coverage under the Policy. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 106 and therefore denies them.

107. FM admits Plaintiff informed FM that Plaintiff sought coverage broader than that afforded by the Interruption by Communicable Disease provision in the Policy. Except as expressly admitted, FM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 107 and therefore denies them.

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 10

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

108. FM denies the allegations in paragraph 108.

109. FM denies the allegations in paragraph 109.

110. Paragraph 110 calls for a legal conclusion to which no response is required. To the extent a response is required, FM denies the allegations in paragraph 110.

111. Paragraph 111 calls for a legal conclusion to which no response is required. To the extent a response is required, FM denies the allegations in paragraph 111.

112. FM incorporates by this reference its responses to each paragraph, above.

113. FM admits that the Policy speaks for itself. Except as expressly admitted, FM denies the allegations in paragraph 113.

114. FM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 114 and therefore denies them.

115. FM denies the allegations in paragraph 115.

116. FM denies that Plaintiff is entitled to any form of relief from FM.

117. FM incorporates by this reference its responses to each paragraph, above.

118. FM admits the allegations in paragraph 118.

119. FM denies the allegations in paragraph 119.

120. FM denies the allegations in paragraph 120.

121. FM incorporates by this reference its responses to each paragraph, above.

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 11

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

122. FM denies the allegations in paragraph 122.

123. FM denies the allegations in paragraph 123.

124. FM denies the allegations in paragraph 124.

125. FM denies that Plaintiff is entitled to any form of relief from FM.

126. FM incorporates by this reference its responses to each paragraph, above.

127. Paragraph 127 calls for a legal conclusion to which no response is required. To the extent a response is required, FM denies the allegations in paragraph 127.

128. Paragraph 128 calls for a legal conclusion to which no response is required. To the extent a response is required, FM denies the allegations in paragraph 128.

129. FM admits the allegations in paragraph 129.

130. FM admits the allegations in paragraph 130.

131. FM denies that Plaintiff is entitled to any form of relief from FM.

132. Paragraph 132 does not contain allegations to which a response is required. To the extent a response is required, FM denies the allegations in paragraph 132.

In response to Section V of Plaintiff's Complaint, FM denies that Plaintiff is entitled to any form of relief from FM.

## **AFFIRMATIVE DEFENSES**

FM sets out its affirmative defenses below. In so doing, FM does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 12

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

As separate and distinct affirmative defenses, FM states as follows:

1. Plaintiff failed to state a claim for which relief can be granted.

2. Coverage under the Policy is governed by the Policy's provisions, terms, definitions, conditions, endorsements, limitations, and/or exclusions—any number of these may apply to defeat or limit coverage for Plaintiff's claims.

3. Plaintiff did not satisfy the conditions necessary for coverage.

4. Plaintiff did not provide sufficient information to establish coverage.

5. The Policy contains a contamination exclusion that bars coverage for "any cost due to contamination including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy." The Policy defines the word contamination to include any "virus, disease causing or illness causing agent," such as SARS-CoV-2.

6. SARS-CoV-2 does not satisfy the Policy's requirement for coverage that there must be physical loss or damage to property, as SARS-CoV-2 can harm only living organisms.

7. The Policy contains exclusions that bar coverage for the "indirect or remote loss," "loss of market," and "loss of use."

FM is without complete information as to all the facts surrounding the allegations in Plaintiff's Complaint, and therefore reserves the right to add additional affirmative defenses as may be warranted by the facts as they become known.

## FM'S REQUEST FOR RELIEF

Having fully answered the Complaint and asserted Affirmative Defenses, FM requests the Court enter judgment:

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 13

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

1. Dismissing Plaintiff's claims in their entirety with prejudice;
2. Awarding FM its attorney fees and costs incurred in this suit; and
3. For such other and further relief as the Court deems just and equitable.

DATED: August 24, 2021

        BULLIVANT HOUSER BAILEY PC

By */s/ Matthew J. Sekits*
Matthew J. Sekits, WSBA #26175
E-mail: matthew.sekits@bullivant.com

Attorneys for Defendant Factory Mutual Insurance Company, a Rhode Island Corporation

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 14

Bullivant|Houser|Bailey PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930

# CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

*Attorneys for Plaintiff:*

Seth Row
Miller Nash Graham & Dunn LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland OR 97204
Email: seth.row@millernash.com

K. Michael Fandel
Miller Nash Graham & Dunn LLP
Pier 70
2801 Alaskan Way, Ste. 300
Seattle, WA 98121-1128
Email: Michael.fandel@millernash.com

Dated: August 24, 2021

*/s/ Kristin Anderson*
Kristin Anderson, Legal Assistant

DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT
NO.: 2:21-CV-00243-TOR

PAGE 15

**Bullivant|Houser|Bailey PC**
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930