UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WASHINGTON STATE UNIVERSITY,<br><br>               Plaintiff,<br><br>   v.<br><br>FACTORY MUTUAL INSURANCE COMPANY, a Rhode Island corporation,<br><br>               Defendant. | NO. 2:21-CV-0243-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

BEFORE THE COURT is Plaintiff's Motion to Remand (ECF No. 7). This matter was initially submitted for consideration without argument. However, Defendant requested oral argument in its opposition. Pursuant to LCivR 7(i)(3)(B)(iii), the Court finds oral argument unnecessary and strikes the telephonic hearing on this motion scheduled for November 3, 2021. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 1

reasons discussed below, Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED**.

## BACKGROUND

This concerns an insurance coverage dispute over the financial impacts of the COVID-19 pandemic at Plaintiff Washington State University ("WSU"). ECF No. 1-2. On July 2, 2021, Plaintiff filed suit in the Superior Court of Washington for Whitman County. *Id.* On August 12, 2021, Defendant removed the case to this Court. ECF No. 1. Defendant removed on the basis of diversity jurisdiction, alleging that Plaintiff is a citizen of Washington as a political subdivision of the State. ECF No. 1 at 3, ¶ 9. Defendant alleges that it is a citizen of Rhode Island with a principal place of business in Johnson, Rhode Island. ECF No. 1 at 2, ¶ 8.

On September 10, 2021, Plaintiff filed the instant Motion to Remand with a request for attorney's fees and costs. ECF No. 7. The parties timely filed their respective response and reply. ECF Nos. 8, 11.

## DISCUSSION

**A. Motion to Remand Standard**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action from state to federal court only if the federal court has original subject matter jurisdiction over the action. "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28

U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). Diversity jurisdiction exists when the matter in controversy is between "citizens of different States." 28 U.S.C. § 1332(a). The removal statute is strictly construed and the party seeking removal bears the burden of establishing federal jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

Here, the present dispute centers on whether WSU is a citizen of Washington for purposes of diversity jurisdiction. ECF Nos. 7-8.

### B. University Citizenship

WSU asserts that it is not a citizen of Washington because it is the arm or alter ego of the State. ECF No. 7 at 3-4. Defendant asserts that WSU is a political subdivision of Washington rather than an arm or alter ego. ECF No. 8 at 3-8.

"There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973). "Thus, neither a state nor a state agency can be a party to a diversity action." *Dep't of Fair Emp. & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 737 (9th Cir. 2011) (internal citation, quotation marks, and bracket omitted). However, a political subdivision of a State is a citizen for diversity purposes "unless it is simply the 'arm or alter ego of the State.'" *Moor*, 411 U.S. at 717 (internal citation omitted). A political subdivision is considered a citizen because it is more akin to a

corporation, who is a citizen of a state for purposes of diversity jurisdiction. *Id.* at 718.

The Ninth Circuit stated that a "similar rule [to Eleventh Amendment Immunity] controls the determination of diversity jurisdiction". *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir. 2981). In the context of determining whether an agency is an arm of a state for Eleventh Amendment purposes, the Ninth Circuit looks to the real party in interest, *id.*, and courts must consider the following factors: (1) whether a money judgment would be satisfied out of state funds, (2) whether the entity performs central governmental functions, (3) whether the entity may sue or be sued, (4) whether the entity has the power to take property in its own name or only the name of the state, and (5) the corporate status of the entity. *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982). The first factor is "a crucial question". *Ronwin*, 657 at 1073.

In *Moor*, the Supreme Court considered "virtually identical factors" as the Eleventh Amendment analysis in determining whether a county was a political subdivision for diversity purposes: (1) "the corporate status of the county[,]" (2) "whether it could sue and be sued[,]" (3) "financial liability for judgments against the county[,]" (4) "the ability to hold property[,]" and (5) "the functions performed". *Befitel v. Glob. Horizons, Inc.*, 461 F. Supp. 2d 1218, 1222 (D. Haw. 2006) (citing *Moor*, 411 U.S. at 719-20).

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 4

The first factor weighs in favor of finding WSU as an arm of the State where a money judgment against WSU would be satisfied out of the State's treasury. RCW 4.92.130; RCW 28B.10.842.  The second factor weighs in favor of finding WSU as an arm of the State where courts have found that higher education serves an essential government function. *See Competitive Techs. v. Fujitsu Ltd.*, 286 F. Supp. 2d 1118, 1133-34 (N.D. Cal. 2003) (collecting cases).  The third factor somewhat weighs against finding WSU as an arm of the State where there is no dispute that WSU can sue (as it has done in this case) and be sued.  ECF No. 11 at 6; *But see Univ. of Idaho v. Great Am. Ins. Co.*, No CV 05-220, 2005 WL 2367538, at *5 (D. Idaho Sept. 27, 2005) ("[T]he fact the University has the power to sue and be sued has lost its import as persuasive evidence of a university's status as independent from or an alter ego of the state.").  The fourth factor somewhat weighs against finding WSU as an arm of the State where there is no dispute that WSU has the power to buy property.  RCW 28B.30.150(5); *But see Univ. of Idaho*, 2005 WL 2367538, at *5 (finding that while the university may buy property, it is "still dependent largely upon appropriations from Idaho's general fund.").  Finally, the fifth factor weighs in favor of finding WSU as an arm of the State where the state legislature regulates the power and duties of WSU's Board of Regents and the governor appoints members to WSU's Board of Regents.  RCW 28B.30.100; RCW 28B.30.150; *see also Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1350 (9th

Cir. 1981), *abrogation on other grounds recognized by Arizona Students Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858 (9th Cir. 2016).

Considering the relevant factors, the Court finds that WSU is an arm of Washington State because WSU lacks "a sufficiently independent corporate character" to constitute a political subdivision. *Moor*, 411 U.S. at 721. This finding is consistent with the Ninth Circuit's holding that a state university is an arm of the state for purposes of Eleventh Amendment immunity.[1] *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007); *Ronwin*, 657 F.2d at 1073 (In addition to being protected by the Eleventh Amendment, the Ninth Circuit found the Board of Regents was also "not a 'citizen' within the meaning of 28 U.S.C. § 1332."). The cases Defendant cites to the contrary are out of Circuit and appear to be minority holdings that do not change this Court's analysis of the relevant factors. *See* ECF No. 8 at 6. The Court finds Defendant failed to meet its' burden in establishing federal diversity jurisdiction in this matter. *Ethridge*, 861 F.2d at 1393.

---

[1] This is also consistent with this Court's prior finding that WSU is an "instrumentality of the State of Washington." *Lewis v. Washington State Univ.*, No. CV-12-475-RHW, 2013 WL 1858604, at *2 (E.D. Wash. May 2, 2013).

In sum, WSU is not a citizen for diversity purposes. *Moor*, 411 U.S. at 717. Therefore, removal was improper and this case must be remanded to the Superior Court of Washington in Whitman County.

### C. Attorney's Fees and Costs

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Here, the dispute turned on whether WSU was an arm or alter ego of the State rather than a political subdivision. The Court cannot say Defendant's basis for removal – that WSU is a political subdivision for diversity purposes – was objectively unreasonable. Therefore, the Court declines to award Plaintiff attorney's fees and costs.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand (ECF No. 7) is **GRANTED**. Plaintiff's request for attorney's fees and costs is **DENIED**.

2. This matter is **REMANDED** to the Superior Court of Washington for Whitman County (former Whitman County Superior Court No. 21-2-00095-38).

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 7

The District Court Executive is directed to enter this Order, furnish copies to counsel, <u>mail a certified copy to the Clerk of Whitman County Superior Court</u>, and **CLOSE** this case.

DATED October 26, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ~ 8